

```
┌─────────────────────────┐
│ USDC SDNY               │
│ DOCUMENT                │
│ ELECTRONICALLY FILED    │
│ DOC #: _____  │
│ DATE FILED: 9-22-2016   │
└─────────────────────────┘
```

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ANTHONY M. DISENSO**
*Senior Counsel*
adisenso@law.nyc.gov
P (212) 356-2640
F (212) 356-3500

September 21, 2016

*By ECF and Facsimile*

The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
Fax: (212) 805-0426

**MEMO ENDORSED**

Re:   *K.A., et al. v. City of New York, et al.*, 16-cv-04936 (LTS) (KNF)

Your Honor:

      I am a Senior Counsel in the Office of the Corporation Counsel of the City of New York and the attorney assigned to the defense of the above-referenced action on behalf of defendant City of New York (the "City"). I write to respectfully request that the Court stay discovery and responsive pleadings, which are currently due on September 30, 2016, until the criminal investigations into the allegations giving rise to the complaint have concluded.[1] Defendant Sidney Wilson joins in the City's request and <u>all other parties consent</u>.

      As part of this office's investigation into the allegations in the complaint, we have become aware that the allegations made by plaintiffs against Mr. Wilson are being investigated by both the Department of Investigation ("DOI") and the Bronx County District Attorney's Office (the "Bronx D.A.'s Office"). I have been advised by Jeff Pruzan, the assistant district attorney handling the investigation, that the Bronx D.A.'s Office will likely make a decision on whether to seek an indictment by the end of the month, and the outcome of any presentment should be known by the end of October.

      The City respectfully requests that the Court exercise its inherent authority and stay this matter until such time as any criminal prosecution against Mr. Wilson has concluded. The plaintiffs have made serious allegations against the individual defendant, Sidney Wilson, and there is a substantial likelihood that the civil action would interfere with a prospective

---

[1] I note that the parties are currently scheduled to appear before Your Honor for a conference on September 30, 2016. (ECF No. 31). Should the court wish to discuss the issues raised in this letter or any other matter, we are of course prepared to do so at a conference. If however the Court is prepared to rule on this unopposed application, it may be that a conference at this time is not necessary.

prosecution. Moreover, until DOI and the Bronx D.A.'s Office have closed their investigations and any prosecution has concluded, the parties are unable to obtain those agencies' investigative files concerning the allegations in the complaint. Similarly, Mr. Wilson would almost certainly assert a 5th Amendment privilege to block discovery while he remains subject to a potential prosecution.

A court has the inherent power to stay a proceeding incident to its power to control its own docket. *See, e.g. Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97-98 (2d Cir. 2012). Where a stay would "protect the integrity of a criminal prosecution and/or investigation, such relief is particularly appropriate." *SEC v. Syndicated Food Serv. Int'l*, No. 04-CV-1303 (NGG), 2004 U.S. Dist. LEXIS 31717, at *8 (E.D.N.Y. Aug. 19, 2004) (*citing SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988)); *see also In re Julmice*, Nos. 10-45737-CEC, 10-1324-CEC, 2011 Bankr. LEXIS 2617, at *10 (U.S. Bankr. E.D.N.Y. June 6, 2011) ("When an indicted criminal defendant is also a defendant in a related civil action, courts in this Circuit generally grant a stay of the civil matter."). When determining whether to stay a civil action in favor of a criminal prosecution, courts have generally considered six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995). Here, all factors militate in favor of a stay.

First, this office has been advised by the Bronx D.A.'s Office and DOI that their investigations involve the same allegations made against Mr. Wilson in the complaint. Courts in this Circuit have recognized that where there is "substantial overlap" between civil and criminal proceedings, it would be "inefficient and wasteful" to proceed with the civil matter while the criminal prosecution is pending. *Gustave v. City of N.Y.*, No. 10-CV-3314 (KAM), 2010 U.S. Dist. LEXIS 106916, at *8 (E.D.N.Y. Oct. 6, 2010).

Second, while Mr. Wilson has not yet been indicted, a decision on whether to seek an indictment is imminent, and this office expects to be in a position to advise the Court on whether a criminal prosecution will move forward by the end of October.

Third, plaintiffs—who have consented to this request—are seeking only money damages, and accordingly, would not be prejudiced by a delay in proceeding to a resolution in the civil matter. *See id.* at *10 (holding that a stay "will not unfairly prejudice plaintiffs" but rather "merely delay civil discovery, not prevent it entirely"). Indeed, even if the case were not stayed, it is doubtful that it would be in plaintiffs' interest to proceed to a resolution while the prosecution remains on-going. Doing so would invariably deprive them of critical discovery from the individual defendant, who would likely assert his 5th Amendment privilege to block

both production of documents and deposition testimony. Moreover, the core documents in this case—the investigative files from the Bronx D.A. and DOI—can not be disclosed prior to the conclusion of both investigations.

Fourth, there is a significant public interest in promoting "the fair administration of criminal justice," and that interest "is served by preserving the integrity of the criminal case." *Stamile v. Cty. of Nassau*, No. CV 10-2632 (SJF) (AKT), 2011 U.S. Dist. LEXIS 18697, at *24-26 (E.D.N.Y. Jan. 31, 2011) (internal quotations and citations omitted). Courts in this Circuit have recognized the concern that defendants in a civil action may be able to obtain information through civil discovery that they would not be entitled to during their criminal prosecution, giving them an advantage conspicuously withheld from them by the New York State Criminal Procedure Law. *Id.*; *see also S.E.C. v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988) (per curiam) ("The government had a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter.").

For the foregoing reasons, the City respectfully submits that a stay of the instant matter is warranted. All parties consent to a stay. To the extent the Court is inclined to grant the City's request for a stay, the parties propose that the stay proceed as follows:

- The stay will remain in effect for six (6) months, with subsequent extensions granted based on a showing of good cause. The City will provide a status report fourteen (14) days prior to the end of the stay, or within fourteen (14) days of the conclusion of the criminal investigation. The criminal investigation is "concluded" to the extent (i) the Bronx D.A.'s Office decides not to seek an indictment; (ii) a grand jury fails to return a true bill; (iii) all charges are dismissed; (iv) the fact finder returns a complete defense verdict; or (v) a sentencing decision has been rendered.

- All defendants shall respond to the complaint within thirty (30) days after the stay is lifted.

Thank you for your consideration herein.

Respectfully submitted,

_____s/_____
Anthony M. DiSenso
*Senior Counsel*
Special Federal Litigation Division

cc: Philip M. Hines, Esq. (By ECF)
*Attorney for Plaintiffs*
Held & Hines, LLP
2004 Ralph Avenue
Brooklyn, NY 11234
(718) 531-9700
phines@heldhines.com

*The stay request is granted, on the terms set forth in the two bullet points on this page. DE #32 resolved.*

SO ORDERED:

_____ 9/22/16
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

- 3 -