

**GEORGIA M. PESTANA**
*Corporation Counsel*

**THE CITY OF NEW YORK
LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ALAN H. SCHEINER**
*Senior Counsel*
Tel. (212) 356-2344
Fax. (212) 356-3509
email: ascheine@law.nyc.gov

November 22, 2021

*Via ECF*
Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *K.A., et al. v. City of New York, et al.*, 16-cv-04936 (LTS)(KNF)

Your Honor:

      I am a Senior Counsel in the Office of Georgia M. Pestana, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced action on behalf of defendant City of New York ("City"). I write pursuant to the Court's Order of November 12, 2021 (ECF No. 96), and in opposition to plaintiffs' November 9, 2021 letter application (ECF No. 95), docketed as a "LETTER MOTION for Leave to File Second Amended Complaint within 45 days of receipt of the DOI investigation file and prosecution file" ("Pl. App."). For the reasons set forth below, Pl. App. (including the request for special, accelerated *Monell* discovery) should be denied in its entirety and the City's motion to dismiss should proceed as contemplated.

      **Procedural Background.** Plaintiffs filed their complaint on June 24, 2016. (ECF No. 1) On September 22, 2016, upon defendants' motion and with plaintiffs' consent, the Court stayed this case in light of the criminal prosecution of defendant Sidney Wilson. (ECF No. 34) On December 1, 2016, the stay was lifted for the sole purpose of allowing plaintiffs to file an amended complaint (ECF No. 37), which was filed on December 2, 2016. (ECF No. 38) ("AC") Plaintiffs had represented to the defendants and the Court that the amendment had the "limited purpose" of adding a plaintiff. (ECF No. 36; *see also* Email From Philip Hines of November 18, 2016, annexed hereto as "Exhibit A"). But in addition to the new plaintiff, plaintiffs added numerous allegations with respect to all of the plaintiffs' claims. A redlined copy of the AC, showing changes from the initial complaint, is annexed hereto as "Exhibit B."

      On September 24, 2021, the Court was informed that the criminal case against defendant Wilson had been dismissed and that defendants intended to proceed with motions to dismiss and a schedule was set for the exchange of pre-motion letters. Pre-motion letters were thereafter

exchanged. (ECF Nos. 85, 86) On October 21 2021, the parties made a joint request to adjourn briefing on the motions for five weeks so as to allow them time to explore the possibility of settlement before incurring the costs and burdens of motion practice; the application was denied. (ECF No. 88) On November 5, 2021, defendants City, Corizon Health, Inc. and Corizon, Inc. moved to dismiss. (ECF Nos. 92, 93) On November 9, 2021, plaintiffs sought leave to file a Second Amended Complaint ("SAC") and to compel expedited discovery.

### A. Plaintiffs' Application Should be Denied as they have not Submitted a Proposed Second Amended Complaint.

Plaintiffs' Application for leave to file a SAC should be denied because it does not annex a proposed amended pleading.[1] Applications for leave to amend a complaint must be accompanied by the proposed amended complaint. *See Colida v. Nokia Am. Corp.*, 2006 U.S. Dist. LEXIS 64578, at **6-7 (S.D.N.Y. Sep. 11, 2006) (denying leave to amend for failure to attach proposed amended complaint); *Abercrombie v. Andrew College*, 438 F. Supp. 2d 243, 2006 WL 1716857 at *25 (S.D.N.Y. 2006) ("[I]n making a motion for leave to amend, plaintiffs must attach a proposed amended complaint so that the Court and the opposing party has an opportunity to understand the exact changes proposed."); *Gulley v. Dzurenda*, 264 F.R.D. 34, 36 (D. Conn. 2010) ("To obtain leave of court to amend the complaint, a party should file both a Rule 15 motion and a proposed amendment or new pleading.") This is so because, without the proposed pleading, neither defendants nor the Court can assess whether the "hypothetical amended complaint" is appropriate, and therefore defendants are prejudiced. *American Tissue, Inc. v. Donaldson, Lufkin & Janrette Securities Corp.*, 233 F.R.D. 327, 329 (S.D.N.Y. 2005).

Plaintiffs do not even describe the proposed amendments, because they admit that they do not have the information they need to make any amendment, but rather seek it in discovery. (Pl. App.at pp. 2-3)[2] Therefore, the Court should deny plaintiffs' request for leave to file a future amended pleading that neither the defendants nor the Court can possibly evaluate.[3]

---

[1] Plaintiffs cannot amend as of right, for at least two reasons: (1) three plaintiffs previously filed an amended complaint, and (2) plaintiffs have not submitted a proposed amended complaint within 21 days of defendants' motion, and therefore have not made a cognizable motion to amend. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading *once* as a matter of course within . . . 21 days of service of a motion") (emphasis added); *Chow v. Shorefront Operating LLC*, 19-CV-3541 (FB)(SJB), 2021 U.S. Dist. LEXIS 12047, at *6 (E.D.N.Y. Jan. 20, 2021) ("Rule 15(a)(2) applies to Chow's motion because it is a second amendment.").

[2] Because plaintiffs fail to submit an amended pleading, Pl. App. does not comport with the Court's Individual Practices, which require that in seven days the plaintiffs should "make any request for leave to amend in response to the motion." (Individual Practices 2.b.ii, at 4)

[3] Leave to amend may be denied where there "(1) there is evidence of undue delay, bad faith, dilatory motive, or repeated failures to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) the amendment would be futile." *Raymond v. City of N.Y.*, 317 F. Supp. 3d 746, 759 (S.D.N.Y. 2018).(citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). The City reserves the right to evaluate and, if necessary, oppose any later proposed amendment on its merits, should a SAC ever be proposed.

### B. The Court Should Deny Plaintiffs' Request to Adjourn the Motions to Dismiss While Conducting Accelerated Discovery

Plaintiffs' Application also seeks an "Order compelling" the City to produce the Department of Investigation's file of their investigation into Sidney Wilson's conduct. As an initial matter, plaintiffs do not even purport to have complied with Local Rules 37.2 and 37.3 or the Court's Individual Practices A.2.a, A 2.b.ii, and their application should be denied for this reason alone.[4] Plaintiffs also state their intent to "re-subpoena" the Bronx County District Attorneys' Office ("BXDAO") to produce its file on their now dismissed prosecution. Plaintiffs seek this discovery for the sole purpose of trying to buttress their claims against the moving defendants in a SAC. (Pl. App. at pp. 2-3) Plaintiffs also implicitly ask the Court to adjourn, *sine die*, the pending motions to dismiss and allow them 45 days to submit a SAC following receipt of the demanded discovery. (*Id.* at p. 3) Plaintiffs' attempt to put the litigation cart before the pleadings horse should be denied.

Plaintiffs' Application is predicated on the misconception that it is "inherently unjust" for defendants to have more information than plaintiffs while motions to dismiss are pending. (Pl. App. p. 2) This makes no sense. It is almost always the case that defendants have more information than plaintiffs (at least about the defendants) when a motion is filed under Rule 12(b)(6). In contrast to a motion for summary judgment, the federal rules do not contemplate that discovery should be taken for the purpose of responding to a Rule 12(b)(6) motion. *Compare* Fed. R. Civ. P. 12(b) *with* Fed. R. Civ. P. 56(d).

Additionally, plaintiffs' motion to "compel[]" and proposed issuance of a subpoena are procedurally premature. Fed. R. Civ. P. 26 states: "A party may not seek discovery from *any source* before the parties have conferred as required by Rule 26(f) . . . ." Fed. R. Civ. P. 26(d)(1) (emphasis added). No Rule 26(f) conference has occurred, nor has this Court called for the parties to submit a proposed discovery scheduling order or issued its own. *See* Fed. R. Civ. P. 26(f)(1). The parties did not discuss discovery because of the prior stay, and, as Pl. App. states, plaintiffs raised discovery for the first time in their response to defendants' pre-motion letters, seeking a delay of the motions to allow discovery from the BXDAO in the hopes of obtaining material for a second amendment of the complaint. (Pl. App. at p. 2) The defendants declined plaintiffs' request to jointly subpoena records from the BXDAO and no amended complaint was filed. The City also considered sharing non-privileged portions of the Department of Investigation file, subject to a protective order, for the sole purpose of use in settlement negotiations, but not for use in preparing an SAC.

Plaintiffs make no request to initiate general discovery, perhaps in implicit recognition that it would be wasteful while the motions are pending. Instead, plaintiffs would focus discovery on precisely those issues at stake in the pending motions, but no such discovery should

---

[4] In the alternative, if the application for discovery is not denied, the City respectfully requests that the Court treat it as a request for a pre-motion conference under Local Rule 37.2, as contemplated by the Court's Individual Practices and the Local Rules.

be had at this time, let alone accelerated. "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Oliver v. City of N.Y.*, 19-CV-11219 (PGG) (JLC), 2021 U.S. Dist. LEXIS 103656, at *4 (S.D.N.Y. June 2, 2021) (quotation and citation omitted). Where, as here, a motion to dismiss raises substantial questions about the sufficiency of claims under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), courts find good cause to stay discovery on such claims until those motions are decided. *See* Oliver, 2021, 2021 U.S. Dist. LEXIS 103656, at *7 (staying discovery relating to certain *Monell* claims in light of motion to dismiss); *Alford v. City of N.Y.*, No. CV 2011-0622 (ERK)(MDG), 2012 U.S. Dist. LEXIS 37876, at *7 (E.D.N.Y. Mar. 20, 2012) (staying *Monell* discovery while motion is pending); *Corbett v. City of N.Y.*, 1:15-cv-09214 (GHW), 2016 U.S. Dist. LEXIS 178037, at *4 (S.D.N.Y. Dec. 22, 2016) (noting that *Monell* discovery was stayed pending a decision on the City's motion to dismiss); *Aquino v. City of N.Y.*, 1:16-cv-1577 (GHW), 2017 U.S. Dist. LEXIS 76402, at *6 (S.D.N.Y. May 19, 2017) (same).

Moreover, the subpoena plaintiffs seeks to prematurely issue calls for the imposition of burdens on a non-party, the BXDAO, even before the parties have engaged in discovery.[5] Of course, the BXDAO may assert any and all objections to the subpoena should it be served – including under N.Y. Crim. P, Law § 160.50 which seals its entire file – but that non-party should not be put through the burden of litigating objections, and, if ordered, reviewing a file, performing redactions, and producing documents that, according to plaintiffs, numbers over 2500 pages. (Pl. App. at p. 2) Nor is there any reason, other than plaintiffs' fanciful imagination, to think that the BXDAO's file would contain the laundry list of information plaintiffs seek to support their *Monell* claim. (Pl. App. at p. 3) Even aside from the procedural infirmities cited above, the speculative nature of plaintiffs' request is alone sufficient to deny the Application. *See Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 240 (S.D.N.Y. 2018) (in a securities litigation case after a motion to dismiss, denying adjournment to await a future amended complaint to be filed after further investigation, because of no "indication that such efforts would cure the deficiencies in Plaintiffs' pleadings").

For these reasons, it is respectfully submitted that plaintiffs' application should be denied in its entirety and the defendants' motions to dismiss should proceed as contemplated.

Respectfully submitted,

*Alan H. Scheiner* /s/

Alan H. Scheiner
*Senior Counsel*
Special Federal Litigation Division

cc:   All Counsel (via ECF)

---

[5] Magistrate Judge Fox's Order denying plaintiffs' prior application regarding the subpoena is not relevant. (*See* Pl. App. at p. 2) That Order, issued the same day as plaintiff's request and before defendants could respond to it, did not lift the stay and merely recited the general rule that an officer of the Court may issue a subpoena. (ECF No. 80) Plaintiffs acceded to the BXDAO's and City's objection that the subpoena was barred by the Court-ordered stay.