UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

K.A., et al.,

      Plaintiffs,

 -v-                                              No.   1:16-cv-04936-LTS-KNF

CITY OF NEW YORK., et al.,

      Defendants.

-------------------------------------------------------x

## MEMORANDUM ORDER

Plaintiffs seek leave to file a second amended complaint and an order compelling discovery. The Court has considered carefully the parties' submissions and arguments, and for the following reasons, Plaintiffs' request for discovery is denied, and Plaintiffs are directed to supplement their motion for leave to amend.

## BACKGROUND

This action was instituted in June 2016 when a group of female inmates ("Plaintiffs") filed suit against Sidney Wilson, Corizon Health Inc., and the City of New York ("Defendants"). In their Complaint, Plaintiffs alleged that, while they were detained at Rikers Island, they were sexually assaulted by a Physician Assistant (Sidney Wilson) who worked for Corizon Health. (Docket entry no. 1.) In September 2016, the Court issued a stay of discovery and responsive pleadings upon motion of the parties, due to the ongoing criminal investigation

against Mr. Wilson.  (Docket entry no. 34.)  The criminal investigation is now terminated.[1]  (See docket entry no. 85.)  In November 2016, Plaintiffs filed a motion for leave to file an amended complaint in order to add an additional plaintiff, which was granted.  (Docket entry nos. 37, 38 ("Amended Complaint").)  On November 5, 2021, the City of New York ("the City") and Corizon Health, Inc. ("Corizon") both filed motions to dismiss the Amended Complaint.  (Docket entry nos. 92, 94.)

On November 9, 2021, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint, which also includes a request for early discovery.  (Docket entry no. 95, ("the Motion").)[2]  On November 22, 2021, responses were filed by Defendant Wilson and by the City, in which Corizon joined.  (Docket entry nos. 97, 101, 102.)   Plaintiffs filed a reply on November 29, 2021.  (Docket entry no. 103.)

DISCUSSION

Plaintiffs' Motion presents two primary requests: (1) a request for early discovery, in which Plaintiffs seek an order compelling the City to provide them with the complete criminal investigation file from Mr. Wilson's prosecution; and (2) a request for leave to file a second amended complaint, once such file is received.  Plaintiffs' request for discovery is denied, but the

---

[1]   Based on a review of the docket in this case, it does not appear that the stay instituted in connection with the criminal prosecution (docket entry no. 34) was ever expressly lifted.  The Court accordingly orders that the stay now be lifted (to the extent it has not already been).

[2]   Plaintiffs thus complied with Rule A.2(b)(ii) of the Court's Individual Practices, which requires that "within seven (7) days after a motion pursuant to Rule 12(b)(6) . . . is filed, the non-moving party must . . . make any request for leave to amend in response to the motion."  Rule A.2(b)(ii).  Individual Practices of Chief Judge Laura Taylor Swain, Rule A.2(b)(ii), June 7, 2021.

Court will consider Plaintiffs' request for leave to amend subject to the submission of a proposed amended complaint.

Request for Pre-Amendment Discovery

Plaintiffs first request that the Court issue "an order compelling defendant City to provide the DOI investigation file," reasoning that it would be "inherently unjust for the Court to consider the City and Corizon's motions to dismiss without giving the plaintiffs the opportunity to . . . examine the DOI investigation records," which are alleged to contain "a trove of investigation material" about Defendant Wilson's misconduct at Rikers.  (Motion at 2.) Plaintiffs assert that, once this information is received, it will be used to supplement their complaint.  The City opposes this request, arguing that allowing this discovery would be premature because of the pending motions to dismiss and because Plaintiffs have not complied with Federal Rule of Civil Procedure 26(f).

The Court agrees that Plaintiffs' discovery request is premature and inappropriate at this point in the litigation.  Discovery is not intended to function as a fishing expedition. Indeed, judges in this district have consistently denied discovery requests which are lodged for the purpose of obtaining extra information prior to amending a complaint.  See, e.g., KBL Corp. v. Arnouts, 646 F.Supp.2d 335, 346 n.6 (S.D.N.Y. 2009) (denying plaintiff's request to conduct discovery before filing an amended complaint, as this "would undermine the purpose of [Fed. R Civ. P.] 12(b)(6)"); In re Alper Holdings, Inc., 398 B.R. 736, 754 (S.D.N.Y. 2008) (discovery is unwarranted where it would function as a "fishing expedition for evidence in search of a theory that has yet to be asserted"); Bussey v. Phillips, 419 F. Supp. 2d 569, 591 (S.D.N.Y. 2006) ("To the extent that [plaintiff] is arguing that additional discovery would allow him to amend his

complaint to state a viable claim, the Court is similarly unpersuaded . . . [d]iscovery is not intended to be a fishing expedition.") (citation and quotation omitted); Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 590 B.R. 200, 207 (Bankr. S.D.N.Y. 2018) (denying request for expedited discovery because the only "apparent urgency" connected to the request stemmed from the plaintiff's "perceived inability to adequately plead the Defendants' lack of good faith"—but holding that this was not a legitimate reason, as "a litigant is not ordinarily entitled to pre-litigation discovery to enable him to allege a legally sufficient claim for relief").

In one relevant example, in a malicious prosecution case in this district, the plaintiff requested that the court compel certain discovery—namely, the complete criminal file kept by the County in the plaintiff's criminal case—in order "to assist counsel in drafting a second amended complaint." Landon v. Cty. of Orange, No. 08-CV-8048-CS-LMS, 2009 WL 10740049, at *1 (S.D.N.Y. Aug. 27, 2009). The court denied the plaintiff's request, noting that there was "no authority" to support plaintiff's "contention that he is entitled to discovery to permit him to cure the deficiencies in the Amended Complaint." Id. The court cautioned that allowing such a request "would set precedent for an unsound policy," as "permitting such discovery would encourage the filing of baseless complaints in the hopes of obtaining discovery which might uncover facts sufficient to state a claim." Id.

Plaintiffs here make a similar assertion, contending that early discovery is needed in order to place them "in a more equal position of information to the Defendants and to better [enable them] to file a Second Amended Complaint." (Motion at 3.) This reasoning is misplaced because, as noted in the collected cases above, a plaintiff's desire to gain more information in order to generate stronger pleadings is not a legitimate basis to compel discovery at this early stage in the litigation. The Federal Rules of Civil Procedure require Plaintiffs to

state a claim upon which relief may be granted without access to information that is in Defendants' sole control. Plaintiffs' request to compel disclosure of the criminal investigation file is accordingly denied.

Request for Leave to File Amended Complaint

Plaintiffs also seek leave to file a second amended complaint, looking to incorporate any new information to be gained from the criminal investigation file. This request is governed by Federal Rule of Civil Procedure 15(a), which provides that after a party makes its first amendment as of right, further amendment may be made on the court's leave, and that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

To the extent that Plaintiffs still wish to amend their complaint in the absence of the requested discovery, they may supplement their motion by filing a proposed second amended complaint, together with a red-lined copy showing the differences between the first amended complaint and the second amended complaint. Any such proposed second amended complaint must be filed by December 27, 2021. If Plaintiffs choose not to pursue further their motion to amend at this time, the motion for leave to amend will be terminated and Plaintiffs must file their opposition to the pending motions to dismiss by December 27, 2021. In either event, briefing is to be completed in accordance with Local Civil Rule 6.1.

CONCLUSION

For the foregoing reasons, Plaintiffs' request for discovery is denied, and Plaintiffs are permitted to augment their request for leave to amend in the manner set forth above. The stay of this case is lifted. This case remains referred to Magistrate Judge Fox for general pre-trial management.

SO ORDERED.

Dated: New York, New York
December 13, 2021

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge