```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
K.A., S.A., L.R., L.J., and JANE DOES 1-25,
                                                          1:16-CV-4936 (LTS) (KNF)
                    Plaintiffs,

    -against-

CITY OF NEW YORK, CORIZON HEALTH,
INC., CORIZON, INC. and SIDNEY WILSON,
individually and in his official capacity,

                    Defendants.
------------------------------------------------------------------------X
```

## DECLARATION OF PHILIP M. HINES IN SUPPORT OF PLAINTIFFS' MOTION TO UNSEAL PROSECUTION FILE OF DEFENDANT SIDNEY WILSON

**PHILIP M. HINES**, an attorney duly admitted to practice law in the State of New York, declares under the penalty of perjury and pursuant to 28 U.S.C. §1746, that the following is true and correct based upon a file maintained by this office:

1. I am a member of HELD & HINES, LLP, attorneys for Plaintiffs, K.A., S.A., L.R., L.J., and Jane Does 1-25 (collectively, "Plaintiffs"). As such, I am familiar with the facts and circumstances of this action based upon a file maintained by my office.

2. I submit this Declaration in support of Plaintiffs' motion to unseal Defendant Sidney Wilson's prosecution file pursuant to N.Y. C.P.L. § 160.50 to the extent necessary for the BXDA to comply with the served subpoena.

3. The plaintiffs comprise four women (and many Jane Does) detained at the Rose M. Singer Center on Rikers Island between 2013-2015, who were sexually victimized on numerous occasions by Defendant Sidney Wilson ("Wilson"), a physician's assistant working in the jail clinic. Plaintiffs allege that they were victims of rape, sexual abuse, assault, battery, and/or other

misconduct and that these criminal acts were often performed under the guise of unnecessary medical treatment. Although some of the plaintiffs reported Defendant Wilson's misconduct while in New York City Department of Corrections ("DOC") custody, it was not until they reported it to representatives of the New York State Department of Corrections and Community Supervision that an investigation was prompted. Following an investigation by the New York City Department of Investigation ("DOI"), the matter was referred to the Bronx County District Attorney's Office ("BXDA") to consider prosecution.

4. Plaintiffs filed this case on June 24, 2016, asserting federal and state claims relating to Defendant Wilson's sexual abuse of each of them while they were inmates confined to DOC custody. On or about September 22, 2016, this matter was stayed pending the criminal investigation of Defendant Wilson by the BXDA. *See* Doc. 34. Thereafter, on April 13, 2017, the BXDA secured a forty-three (43) count indictment against Defendant Wilson and this action remained stayed throughout the prosecution. The criminal charges against Defendant Wilson were prosecuted for over four (4) years until their dismissal on or about June 25, 2021, on N.Y. C.P.L. § 30.30 grounds ("speedy trial"). This was not a dismissal on the merits. In your Declarant's conversations with the assigned assistant district attorney following the dismissal, I was advised that the criminal court dismissed the case due to the prosecution's failure to provide certain discovery prior to the imposed deadline, as required by the new discovery rules that went into effect in October 2020. Further, your Declarant was informed that the prosecution had exchanged over 2,500 pages of discovery with Defendant Wilson.

5. During the pendency of the stay, on November 28, 2016, Plaintiffs sought leave to amend their complaint in order to add Plaintiff L.J. to this action prior to the expiration of the statute of limitations. *See* Doc. 36. The Hon. Laura Taylor Swain granted Plaintiffs' motion and

lifted the stay "for the limited purpose of the filing of the above-described Amended Complaint." *See* Doc. 37. Plaintiffs filed their Amended Complaint on December 2, 2016[1]. *See* Doc. 38. Thereafter, at the request of the Court, Defendant City provided status reports of the pending prosecution and this matter remained stayed.

6. On September 24, 2021, Defendant City of New York ("City") submitted a status report advising the Court that the BXDA's indictment of Wilson had been dismissed. *See* Doc. 85. Then, on September 28, 2021, the Hon. Kevin N. Fox set deadlines for the exchange of premotion letters and the filing of any motions to dismiss. *See* Doc. 86.

7. On November 5, 2021, Defendants City and Corizon Health Inc. and Corizon, Inc. ("Corizon") filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Docs. 92-94. Then, on November 9, 2021, Plaintiffs filed a motion seeking leave to file a second amended complaint within forty-five (45) days of receipt from Defendant City of its Department of Investigations' preindictment investigation into allegations of sexual abuse made by Plaintiffs and other female inmates against Defendant Wilson and the BXDA's prosecution file. *See* Doc. 95.

8. By Memorandum and Order dated December 13, 2021, Judge Swain denied Plaintiffs' request for discovery from Defendant City and directed Plaintiffs to file any proposed second amended complaint by December 27, 2021, in the event they wished to supplement their motion for leave to amend. *See* Doc. 104. Plaintiffs filed their proposed second amended complaint on December 27, 2021. *See* Doc 108.

9. In the interim, on November 29, 2021, Plaintiffs caused a subpoena to be duly served upon the non-party BXDA, directing that they produce five categories of records in their possession that primarily relate to pre-arrest investigation materials of non-police agencies that

---

[1] Plaintiffs only amended the complaint to allege factual instances with respect to Plaintiff L.J.

investigated Plaintiffs' allegations of misconduct against Defendant Wilson (e.g., DOI and DOC's investigation records, BXDA pre-indictment investigation materials, and grand jury exhibits). *See* Ex. 1.

10. The BXDA has not objected to providing these records; however, it advised that it cannot produce the responsive records at this time since the indictment against Defendant Wilson was dismissed and the records were sealed pursuant to N.Y. C.P.L. § 160.50. A representative of the BXDA further advised that it will comply with the subpoena upon this Court issuing an unsealing order. *See* Ex. 2.

11. Plaintiffs had previously sought to obtain from the BXDA "[t]he entire non-privileged prosecution file in People v. Sidney Wilson, 00804-2017, including but not limited to all investigation records by the Bronx District Attorney's Office, the Department of Investigation, and the Inspector General's Office" by letter motion dated December 22, 2020, to the Hon. Kevin N. Fox, requesting that the Court endorse Plaintiffs' subpoena for same. *See* Doc. 80. Judge Fox denied the motion, stating, "ORDER denying 80 Letter Motion for Court to endorse subpoena. Fed. R. Civ. P. 45(a)(3) does not contemplate the involvement of a judicial officer in the issuance of a subpoena; therefore, no need exists for the Court to endorse a subpoena in order to give that document effect. Failure to obey a properly signed and served subpoena may expose the disobedient recipient to a finding of contempt. See Fed. R. Civ. P. 45(g)." *See* Doc. 81. Accordingly, Plaintiff served that subpoena upon the BXDA; however, they and the City objected to complying as this matter was stayed at the time and the prosecution still ongoing.

12. As the prosecution has concluded and this matter is no longer stayed, the stay having been lifted as part of Judge Swain's Memorandum and Order dated December 13, 2021, *see* Doc. 104, there is no impediment to the BXDA complying with the present subpoena other

than the need for the unsealing order.

WHEREFORE, for all of the foregoing reasons, as well as the reasons set forth in the supporting memorandum of law filed with this unopposed motion, Plaintiffs respectfully request that this Court unseal Defendant Sidney Wilson's prosecution file to the extent necessary for the BXDA to comply with the served subpoena, along with such other relief that the Court deems just and proper.

Dated: Brooklyn, New York
January 11, 2022

                                                Respectfully submitted,

                                                */s/ Philip M. Hines*_____
                                                HELD & HINES, LLP
                                                2004 Ralph Avenue
                                                Brooklyn, New York 11234
                                                (718) 531-9700
                                                phines@heldhines.com

                                                *Attorneys for Plaintiffs*