UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
K.A., S.A., L.R., JANE DOES 1-25,

                Plaintiffs,      1:16-CV-4936 (LTS) (KNF)

    - against -

CITY OF NEW YORK, CORIZON HEALTH,
INC., CORIZON, INC. and SIDNEY WILSON,
individually and in his official capacity,

                Defendants.
------------------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION
## TO UNSEAL PROSECUTION FILE OF DEFENDANT SIDNEY WILSON

Philip M. Hines, Esq.
HELD & HINES, L.L.P.
2004 Ralph Avenue
Brooklyn, New York 11234
(718) 531-9700
phines@heldhines.com

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

CASES ........................................................................................................................ ii

STATUTES ................................................................................................................. ii

RULES ....................................................................................................................... iii

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT .............................................................................................................. 2

**POINT I**
    DEFENDANT SIDNEY WILSON'S CRIMINAL RECORDS SHOULD BE
    UNSEALED .......................................................................................................... 2

    A. COMPELLING CIRCUMSTANCES REQUIRE THE COURT TO UNSEAL
       THE BRONX COUNTY DISTRICT ATTORNEY'S FILE ........................... 2

    B. NOT ALL RECORDS ARE SUBJECT TO SEALING PURSUANT TO
       CPL §160.50 ..................................................................................................... 3

    C. POTENTIAL WAIVER OF CPL § 160.50 ..................................................... 7

**POINT II**
    PLAINTIFFS ARE NOT REQUIRED TO MEET AND CONFER WITH DEFENDANTS
    PRIOR TO MAKING THIS MOTION

**CONCLUSION**

**TABLE OF AUTHORITIES**

**CASES**

*Brad H. v. City of New York*, 188 Misc.2d 470, 729 N.Y.S.2d 348
(Sup. Ct. New York Co. 2001) ............................................................................. 6

*First Am. Corp. v. Al-Nahyan*, 2 F. Supp. 2d 58, 1998 U.S. Dist. LEXIS 6446
(Dist. D.C. 1998) ............................................................................................. 4, 7

*Fountain v. City of New York*, 2004 U.S. Dist. LEXIS 7539 (S.D.N.Y. 2010) ............. 2

*In re Anonymous*, 95 A.D.2d 763, 464 N.Y.S.2d 194 (2d Dept. 1983) ..................... 5

*Matter of City of Elmira v. Doe*, 39 A.D.3d 942, 833 N.Y.S.2d 304 (3d Dept. 2007), *aff'd*, 11 N.Y.3d 799, 897 N.E.2d 1049, 868 N.Y.S.2d 568 (2008) ............................. 5

*Matter of Dockery v. New York City Hous. Auth.*, 51 A.D.3d 375, 859 N.Y.S.2d 130 (1st Dept. 2008) ............................................................................................. 6

*People v. Alexander*, 67 Misc.3d 620, 120 N.Y.S.3d 755 (Sup. Ct. Queens Co. 2020) ........ 2, 3

*People v. Anonymous*, 34 N.Y.3d 631, 145 N.E.3d 924, 123 N.Y.S.3d 41 (2020) ......... 3

*People v. McGurk*, 229 A.D.2d 895, 645 N.Y.S.2d 923 (3d Dept. 1996) ................... 5

*Pritzker v. City of Hudson*, 26 F. Supp. 2d 433, 1998 U.S. Dist. LEXIS 17582
(N.D.N.Y. 1998) ............................................................................................. 4

*Rapetti v. East 51st St. Dev. Co., LLC*, 32 Misc.3d 618, 928 N.Y.S.2d 621 (Sup. Ct. New York Co. 2011) ............................................................................................. 7

**STATUTES**

42 U.S.C. §1983 ............................................................................................. 1

42 U.S.C. §1988 ............................................................................................. 1

CPL § 30.30 ................................................................................................... 1

CPL § 160.50 .......................................................................................... passim

CPL § 160.50(1)(d) .......................................................................................... 2

## **RULES**

Local Rule 37.2 — 8

Fed. R. Civ. P. 26-37 — 8

**PRELIMINARY STATEMENT**

This case involves multiple allegations by multiple Plaintiffs, all former inmates at the Rose M. Singer Center at Rikers Island, a New York City Department of Corrections facility, of sexual abuse, sexual assault, and rape, among other offenses, perpetrated by Defendant Sidney Wilson, an employee of Defendants Corizon Health, Inc. and Corizon, Inc. ("Corizon"), who were contracted by Defendant City of New York ("City") to provide various health care services at New York City Department of Corrections facilities. Plaintiffs seek compensatory damages pursuant to 42 U.S.C. §1983 for violations of their constitutional rights while acting under color of law, together with reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988. Plaintiffs also seek damages pursuant to various supplemental state law claims.

On November 29, 2021, Plaintiffs caused a subpoena to be duly served upon the Bronx County District Attorney's Office ("BXDA"), directing that they produce five categories of records in their possession that primarily relate to pre-arrest investigation materials of non-police agencies that investigated the Plaintiffs' allegations of misconduct against Defendant Sidney Wilson (e.g., NYCDOI and DOC's investigation records, BXDA pre-indictment investigation materials, and grand jury exhibits). The BXDA has not objected to providing these records; however, it advised that it cannot produce the responsive records at this time since the 43-count indictment against Wilson was dismissed on speedy trial grounds (CPL § 30.30) and the records were sealed pursuant to CPL § 160.50[1]. A representative of the BXDA further advised that it will comply with the subpoena upon this Court issuing an unsealing order.

---

[1] CPL §160.50(1) provides that sealing may be obtained "Upon the determination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision three of this section...." CPL §160.50(3) then lists all of the circumstances under which a termination will be deemed in favor of such person. Conspicuously absent from the enumerated definitions is dismissal pursuant to CPL § 30.30. Therefore, by the terms of CPL § 160.50 itself, sealing of Wilson's records was improper. Thus, the categories to which such records may be released listed in CPL § 160.50(1)(d) seemingly do not apply.

1

# ARGUMENT

## POINT I

### DEFENDANT SIDNEY WILSON'S CRIMINAL RECORDS SHOULD BE UNSEALED

**A. Compelling circumstances require the court to unseal the Bronx County District Attorney's file.**

There is no doubt that this Court has the authority to unseal the District Attorney's records. As stated in *Fountain v. City of New York*, 2004 U.S. Dist. LEXIS 7539 (S.D.N.Y. 2010):

> A number of cases have considered the appropriate procedure to be followed to effect an unsealing of criminal records pursuant to § 160.50 in the context of discovery in a federal civil suit, and the consensus seems to be that a plaintiff can either apply to the state court to unseal the records, or can subpoena the district attorney, or seek discovery if the district attorney is a party to the proceeding. If the district attorney moves to quash a subpoena, or objects to a discovery demand, the issue is appropriately before the federal court. *Lehman v. Kornblau*, 206 F.R.D. 345, 347 (E.D.N.Y. 2001) (*citing Woodard*, 2000 U.S. Dist. LEXIS 5231, [WL] at *3; *Kymissis*, 1994 U.S. Dist. LEXIS 9814, [WL] 376048; *Cruz*, 1997 U.S. Dist. LEXIS 23012, [WL] at *1; *Townes v. City of New York*, 1996 U.S. Dist. LEXIS 20220, CV-94-2595, 1996 WL 164961, at *10 (E.D.N.Y. Mar. 28, 1996)).

N.Y. CPL § 160.50(1)(d) provides six enumerated groups to whom such records may be made available, of which Plaintiff is admittedly not one of them. However, in addition to these enumerated groups, courts may unseal such records under "compelling circumstances." As discussed in *People v. Alexander*, 67 Misc.3d 620, 120 N.Y.S.3d 755 (Sup. Ct. Queens Co. 2020):

> In addition to one of those six exceptions, courts have recognized certain other compelling circumstances when unsealing is permissible, upon a demonstration of extraordinary circumstances, or a legal mandate which would be impossible to fulfill without unsealing criminal records. (*Matter of Dondi*, 63 NY2d 331, 338 [1984]; *Matter of Hynes v Karassik*, 47 NY2d 659 [1979].) Significantly, a court has inherent discretionary authority over its "own records insofar as they pertain to the business of the court and when essential to the proper administration of justice." (*Hynes* at 664.)

2

In the instant matter, this Court ordered Plaintiffs to submit a proposed second amended complaint by December 27, 2021 in order for their motion seeking leave to amend to be considered, which Plaintiffs have submitted. Yet, the very information contained in the BXDA's sealed records is material and necessary to Plaintiffs' amendments. *People v. Alexander* continued:

> The sealing statute cannot be meant to allow such an absurd result as rendering unsealing impermissible; indeed, "[t]he words of the statute do not support the conclusion that the protections of CPL 160.50 must be mechanically applied." ([*People v. Anonymous*, 34 N.Y.3d 631, 145 N.E.3d 924, 123 N.Y.S.3d 41 (2020)] at 660 [DiFiore, J., dissenting].)
>
> Courts have a measure of discretionary authority "with respect to their own records insofar as they pertain to the business of the court and when essential to the proper administration of justice." (*Hynes* at 664.)

*People v. Anonymous*, 34 N.Y.3d 631, 145 N.E.3d 924, 123 N.Y.S.3d 41 (2020) also endorsed the concept of "the existence of a legal mandate the nature of which would be impossible to fulfill without unsealing criminal records."

Here, it is expected that the BXDA's records will more completely set forth Defendant Wilson's abuses of Plaintiffs and other inmates and that Defendants City and Corizon had more than ample notice of Wilson's propensities and proclivities.

**B. Not all records are subject to sealing pursuant to CPL §160.50.**

Numerous cases address the issue as to whether all records in a District Attorney's file are sealed under CPL § 160.50. The consistent holding is that not all of the records in the District Attorney's possession enjoy the protection of the CPL § 160.50 seal. Although Plaintiffs are not, and cannot be at this point, aware of the full contents of the BXDA's file, at minimum, the BXDA is in possession of the Department of Investigation's pre-prosecution investigation file into Wilson's misconduct and the plaintiffs' allegations, which was generated in the regular course of

3

business and not in furtherance of prosecution. Accordingly, these and similar records[2] in the BXDA's file are not subject to the sealing requirement of CPL § 160.50.

In *First Am. Corp. v. Al-Nahyan*, 2 F. Supp. 2d 58, 1998 U.S. Dist. LEXIS 6446 (Dist. D.C. 1998), the Court dealt with the following issue:

> [Plaintiff] argues that [defendants] have no basis for claiming a privilege as to some or all of these ["pleadings, correspondence, witness statements, and other documents"] because they are not "official records relating to the arrest or prosecution" of [defendants] protected by NYCPL § 160.50, nor are they "information pertaining to the arrest or prosecution" under NYCPL § 160.60. [Defendants] respond that the scope of the "information pertaining to the arrest or prosecution" in § 160.60 is at least equal to the "official records" subject to sealing under § 160.50(1)(c), if not greater, and therefore they cannot be forced to produce the documents at issue in this dispute.

In answering this question, the Court stated:

> [W]here it is clear that not all documents pertaining to the criminal prosecution are protected by the Sealing Statute, the Magistrate Judge's ruling could well be upheld solely on the basis that [defendants] have failed to produce a record that provides any basis for finding that some or all of the documents at issue are covered by the Sealing Statute.

In *Pritzker v. City of Hudson*, 26 F. Supp. 2d 433, 1998 U.S. Dist. LEXIS 17582 (N.D.N.Y. 1998), it was noted that if a document is an "official record" under seal under CPL § 160.50, the protected person is entitled to rely upon CPL § 160.50 to resist a subpoena or document request for identical copies of a document to the same extent as an agency subject to a sealing order would be, unless the protected person's conduct would constitute a waiver of the sealing statute's protections. However, the court held that CPL § 160.50 does not apply to documents that are

---

[2] BXDA could conceivably be in possession of photographs, audio or video recordings, written or digital communications, logbooks entries, and/or medical records that would fit into this category as well.

created in the regular course of business, are created prior to commencement of a criminal proceeding, and were not generated in furtherance of prosecution of criminal proceeding.

In *People v McGurk*, 229 A.D.2d 895, 645 N.Y.S.2d 923 (3d Dept. 1996), in which a psychiatrist was being prosecuted for third degree grand larceny and first degree offering false statement for filing, the Court properly modified an existing sealing order pursuant to CPL § 160.50 to allow disclosure of certain documents (e.g., Medicaid claim forms) in the federal government's civil false claims action against psychiatrist, since the documents in question were pre-existing business records created during an ongoing contractual relationship between the psychiatrist and the Department of Social Services, and were not generated for purpose of defendant's arrest or prosecution.

Similarly, in *In re Anonymous*, 95 A.D.2d 763, 464 N.Y.S.2d 194 (2d Dept. 1983), the Court granted the petition of the State bar association to unseal the records of a criminal proceeding, in which an attorney had been acquitted of one charge and his conviction on another charge had been reversed, even though CPL § 160.50 did not authorize the unsealing, and without the need for the Court to exercise its discretionary power to unseal the records, since the material sought by the state bar was a tape recording that did not constitute a part of the official records and papers of the criminal proceeding so as to be entitled to the protection of CPL § 160.50.

In *Matter of City of Elmira v. Doe*, 39 A.D.3d 942, 833 N.Y.S.2d 304 (3d Dept. 2007), *aff'd*, 11 N.Y.3d 799, 897 N.E.2d 1049, 868 N.Y.S.2d 568 (2008), property tags and logs that were generated in a police department's regular course of business, rather than in connection with the prosecution of the criminal proceeding against a police officer, were held not to be subject to the CPL § 160.50 seal; thus, they could be released for the purposes of a disciplinary proceeding against the officer.

Similarly, in *Matter of Dockery v. New York City Hous. Auth.*, 51 A.D.3d 375, 859 N.Y.S.2d 130 (1st Dept. 2008), 911 recordings, which provided substantial evidence supporting a finding that the employee violated the policy of his employer, a city housing authority, against violence in the workplace, were properly admitted into evidence at the disciplinary hearing because they were not official records regarding the employee's arrest or prosecution and were thus not subject to the sealing statute.

In *Brad H. v. City of New York*, 188 Misc.2d 470, 729 N.Y.S.2d 348 (Sup. Ct. New York Co. 2001), a class action on behalf of persons with mental illness who were claiming inadequate discharge planning, the sealing provision of CPL § 160.50 did not bar those plaintiffs from obtaining disclosure of mental health/discharge planning records of 500 former inmates of city jails who were likely class members, since the court held that CPL § 160.50 applied only to court records of criminal actions or proceedings.

In the present case, Plaintiffs reported Wilson's abuses to New York State Department of Corrections and Community Supervision staff, who then reported it to the NYC Department of Correction, who then caused an investigation to be undertaken by the Department of Investigation ("DOI"), who thoroughly investigated and substantiated the allegations and, based on DOI's findings and conclusions, referred the matter to the BXDA for a prosecution determination. This part of the District Attorney's file, as well as the other records mentioned in fn. 2 *supra* as possibly part of the BXDA's file, are not covered by the sealing privilege of CPL § 160.50, since they were records prepared in the regular course of business, not prepared for the purpose of Wilson's arrest or prosecution, and not an official record of Wilson's arrest or prosecution.

6

**C. Potential waiver of CPL § 160.50.**

Defendant Wilson, who has not moved to dismiss nor filed his Answer yet[3], may well assert cross-claims for indemnification against defendants City and/or Corizon. This would constitute a clear waiver of CPL § 160.50 privilege pursuant to *First Am. Corp. v. Al-Nahyan*, 2 F. Supp. 2d 58, 1998 U.S. Dist. LEXIS 6446 (Dist. D.C. 1998) (*citing Wilson v. City of New York*, 240 A.D.2d 266, 659 N.Y.S.2d 8 (1st Dept. 1997)("[T]his Court holds that the Sealing Statute privilege, even if recognized by federal common law, is waivable and that [defendants] waived it by filing their claim(s) for indemnification from [plaintiff].").

As stated in *Rapetti v. East 51st St. Dev. Co., LLC*, 32 Misc.3d 618, 928 N.Y.S.2d 621 (Sup. Ct. New York Co. 2011):

> However, "[p]rivileges, while important in the law, are not absolute. Indeed, most rights and privileges are waivable, even such constitutional rights as the right to a jury trial, the right to appeal and the right against self-incrimination" (*Green v Montgomery*, 95 NY2d 693, 699-700 [2001]). As such, it has been held that where "an individual, who has records that would otherwise be kept sealed under Criminal Procedure Law § 160.50, affirmatively places the underlying conduct at issue by bringing a civil suit, the statutory protection afforded by section 160.50 is waived, as the privilege, which is intended to protect the accused, may not be used as 'a sword to gain an advantage in a civil action' " (*Best v 2170 5th Ave. Corp.*, 60 AD3d 405, 405 [1st Dept 2009]; *Green v Montgomery*, 95 NY2d 693, 701 [2001]; *Rodriguez v Ford Motor Co.*, 301 AD2d 372 [1st Dept 2003] [holding that "by denying that intoxication caused the (defendant) driver to lose control of the car, and, by way of cross claim, seeking to put the blame for the accident on the (codefendant) car manufacturer," the codefendants driver and owners have "affirmatively put the circumstances surrounding the driver's arrest and indictment in issue, and thus waived the protection afforded by CPL 160.50"], citing *Lundell v Ford Motor Co.*, 120 AD2d 575 [1986]).

---

[3] Defendant Wilson's Answer is due January 29, 2022. *See* Doc. 86.

7

Here, Defendant Wilson placing his own conduct at issue by cross-claiming against defendants City and/or Corizon, as he well may do, would waive any CPL §160.50 protection.

## POINT II

### PLAINTIFFS ARE NOT REQUIRED TO MEET AND CONFER WITH DEFENDANTS PRIOR TO MAKING THIS MOTION

Local Rule 37.2 states:

> No motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference (subject to the instructions regarding ECF published on the Court's website and the Judge's Individual Practices) and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference.

As the instant motion seeks the unsealing of the non-party BXDA's records, it does not concern any of the circumstances governed or contemplated by Fed. R. Civ. P. 26-37 (or by this Court's Individual Rules). Rather, this motion seeks to unseal documents currently in the custody of the BXDA, which, as stated above, is quite willing to provide the requested material.

Accordingly, this motion is timely and proper.

## CONCLUSION

In the present case, compelling circumstances exist that dictate the unsealing of Defendant Wilson's records. These records undoubtedly contain a wealth of information that will enable Plaintiffs to successfully prosecute their claims against all defendants. While it is questionable that these records should have been sealed in the first instance, it is evident that much, if not all, of the documents being sought here do not enjoy the sealing privilege since they were prepared in the regular course of business, not prepared for the purpose of Wilson's arrest or prosecution, and are

8

not official records of Wilson's arrest or prosecution. It is also likely that Wilson will waive whatever privilege he may have enjoyed in the sealed records by asserting cross-claims against defendants City and/or Corizon.

Dated: Brooklyn, New York
      January 11, 2022

                          Respectfully submitted,

                          HELD & HINES, L.L.P.
                          2004 Ralph Avenue
                          Brooklyn, New York 11234

                          */s/ Philip M. Hines*
                          Philip M. Hines

                          *Attorneys for Plaintiffs*