UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

K.A., et al.,

        Plaintiffs,

  -v-                                                                No.   1:16-cv-04936-LTS-KNF

CITY OF NEW YORK., et al.,

        Defendants.

-------------------------------------------------------x

## MEMORANDUM ORDER

        Before the Court are two motions submitted by Plaintiffs: a motion to unseal certain records held by the Bronx County District Attorney's Office (the "motion to unseal"); and a revised motion for leave to file a second amended complaint (the "motion to amend").  The Court has considered carefully the parties' submissions and arguments, and for the following reasons, the Court denies Plaintiffs' motion to unseal, but grants Plaintiffs' motion to amend.

## BACKGROUND

        This action was instituted in June 2016 when a group of female inmates ("Plaintiffs") filed suit against Sidney Wilson, Corizon Health Inc., and the City of New York ("Defendants").  In their Complaint, Plaintiffs alleged that, while they were detained at Rikers Island, they were sexually assaulted by a Physician Assistant (Sidney Wilson) who worked for Corizon Health.  (Docket entry no. 1.)  Plaintiffs seek compensatory damages under 42 U.S.C. section 1983 as well as damages under various New York state laws.

        In September 2016, the Court issued a stay of discovery and responsive pleadings upon motion of the parties, due to the ongoing New York state criminal investigation against Mr.

Wilson.  (Docket entry no. 34.)  The criminal investigation is now complete[1] and the stay has been lifted.  (See docket entry nos. 85, 104.)  In November 2016, Plaintiffs filed a motion for leave to file an amended complaint in order to add an additional plaintiff, which was granted.  (Docket entry nos. 37, 38.)  On November 5, 2021, the City of New York ("the City") and Corizon Health, Inc. ("Corizon") both filed motions to dismiss the Amended Complaint.  (Docket entry nos. 92, 94.)

In November 2021, Plaintiffs filed their original motion for leave to file a second amended complaint, which also included a request for early discovery.  (Docket entry no. 95.)  In a memorandum order dated December 13, 2021, the Court denied Plaintiffs' request for early discovery, but permitted Plaintiffs to augment their request for leave to amend by including a proposed second amended complaint with red-lined changes.  (Docket entry no. 104.)  On December 27, 2021, Plaintiffs resubmitted their motion to amend, accompanied by a proposed second amended complaint and a red-lined version showing the proposed amendments.  (Docket entry no. 108.)  Defendants Corizon and the City filed papers in opposition to Plaintiffs' motion to amend (docket entry no. 109), and Plaintiffs submitted a reply (docket entry no. 113).  On January 28, 2022, Plaintiffs filed a motion to unseal, seeking the release of Mr. Wilson's criminal prosecution file.  (Docket entry no. 119.)   Defendants opposed the motion (docket entry no. 124), and Plaintiffs filed a reply (docket entry no. 123).

---

[1]     The criminal charges against Mr. Wilson were subsequently dismissed on speedy trial grounds.  (Docket entry no. 121.)

D<small>ISCUSSION</small>

Motion to Unseal

Plaintiffs seek to unseal the criminal prosecution file of Defendant Wilson, which is held by the Bronx County District Attorney's Office ("BDA").  Plaintiffs report that they served a subpoena to the BDA on November 29, 2021, requesting the production of five categories of records relating to the criminal investigation of Mr. Wilson's misconduct.  (Docket entry no. 121.)  The BDA informed Plaintiffs that, because the records had been sealed pursuant to New York Criminal Procedure Law section 160.50, it was unable to produce the records without a court order.  However, the BDA also noted that it was willing to produce the records should this Court issue an unsealing order.  Defendant Wilson takes no position on whether his criminal records should be unsealed.

NY CPL section 160.50 provides, in relevant part, that "[u]pon the termination of a criminal action or proceeding against a person in favor of such a person . . . the record of such action or proceeding shall be sealed."  NY CPL § 160.50(1).  "The primary purpose of the sealing of records pursuant to § 160.50 is to ensure confidentiality and to protect the individual from the potential public stigma associated with a criminal prosecution."  Lehman v. Kornblau, 206 F.R.D. 345, 347 (E.D.N.Y. 2001).  "The sealing is not necessarily permanent, however."  Id.

The statute lists 6 specific categories of individuals to whom such sealed records may be released (e.g., law enforcement agencies or probation departments), and Plaintiffs acknowledge that they do not fall into any of these enumerated categories.  See NY CPL § 160.50(1)(d). Instead, Plaintiffs seek the disclosure of these records under this Court's inherent authority to order the production of sealed records.  See, e.g., Bertuglia v. City of New York, No. 11-CIV-2141-JGK, 2014 WL 626848, at *1 (S.D.N.Y. Feb. 18, 2014) ("Because the [state]

sealed records at issue here are sought for use in this federal lawsuit, the plaintiffs' application to have the [records] unsealed is properly before this Court."); Crosby v. City of New York, 269 F.R.D. 267, 275 (S.D.N.Y. 2010) ("Federal courts commonly order production of documents sealed [by a state court] pursuant to Sections 160.50 or 160.55.").

Defendants, however, contend that Plaintiffs' unsealing request is improper and premature, noting that this Court has already ruled that Plaintiffs are not entitled to early discovery for purposes of supplementing their amended complaint. Plaintiffs disagree, arguing that because a motion to unseal does not qualify as a discovery request, the Court may properly grant their request now (even though discovery has not yet begun). The Court agrees with Defendants that Plaintiffs' request is premature.

As an initial matter, the Court acknowledges that district courts do possess the authority to unseal state criminal records in the possession of a state district attorney, when the records are relevant to the federal lawsuit and "the district attorney moves to quash a subpoena, or objects to a discovery demand." Lehman, 206 F.R.D. at 347; see also Bertuglia, 2014 WL 626848, at *1 ("[W]hen the district attorney objects to a discovery demand, it is within the power of the district court to issue an order compelling production [of the sealed records]."). However, such an unsealing motion must still be made at the appropriate stage of the litigation—that is, after the initiation of discovery. Each of the cited cases discussing a district court's authority to unseal state criminal records under section 160.50 addresses this authority in the context of discovery. See, e.g., Lehman, 206 F.R.D. at 347-48 (explaining that a district court may order the "unsealing of criminal records pursuant to § 160.50 *in the context of discovery* in a federal civil suit," because "Federal discovery is somewhat more liberal than New York State discovery") (emphasis added, citation omitted); Nimkoff v. Dollhausen, 262 F.R.D. 191, 192

(E.D.N.Y. 2009) (granting the plaintiff's "*discovery motion*" to unseal certain relevant state criminal prosecution files under section 160.50) (emphasis added); Crosby, 269 F.R.D. at 275 (granting section 160.50 unsealing request because "plaintiffs' subpoenas *seek discovery* relevant to their claims") (emphasis added).  This Court could not locate any authority showing that a motion to unseal a criminal prosecution file under section 160.50 may be granted prior to the initiation of discovery.

    In support of their position that such an unsealing motion does not qualify as discovery, Plaintiffs cite several cases in which a request for section 160.50 unsealing occurred during the early stages of a lawsuit.  For example, in Basile v. City of New York, No. 17-CIV-9060-ER, 2019 WL 4572812 (S.D.N.Y. Sept. 20, 2019), after the plaintiff sued the city for false arrest, the defendant city moved to compel the plaintiff to sign an unsealing release form, which would "allow the unsealing of [the] NYPD records associated with [his arrest]." Id. at *1.  The plaintiff refused to provide the release, asserting that the request was premature because the city was "not entitled to any discovery at the present time." Id. at *2.  The court ruled that the plaintiff must sign the release, because "the Court's order to produce the § 160.50 releases is not discovery . . . the City is not seeking discovery from its adversary; it is, instead, seeking access to its own files so that it can respond intelligently to the Complaint." Id. at *5 (citation omitted).  See also Cabble v. Rollieson, No. 04-CIV-9413-LTS-FM, 2006 WL 464078, at *9 - *10 (S.D.N.Y. Feb. 27, 2006) (finding that "[i]n these unique circumstances . . . the demand for the execution of Section 160.50 Releases is not discovery"  because "[plaintiff] has expressly waived" the protections of Section 160.50 by filing this lawsuit, and because the city is simply "seeking access to its own files so that it can respond intelligently to the Complaint").

    The Court finds that this narrow line of cases cited by Plaintiffs is inapplicable

here, for several reasons.  First, each of these cases dealt with a completely different type of request—a motion to compel a plaintiff to sign a release form; as opposed to a motion to unseal.  Second, in each of these cases the defendant city was simply seeking access to its own sealed files (as opposed to files belonging to a third party).  Third, in each of these cases the plaintiff had already impliedly waived his privacy interest in such sealed records by bringing suit against the city.  See, e.g., Green v. Montgomery, 219 F.3d 52, 57 (2d Cir. 2000) ("New York cases are clear that a party otherwise protected by a § 160.50 sealing of records can waive that protection by commencing a civil action and placing protected information into issue.").  Accordingly, Plaintiffs' request for the unsealing of the BDA records constitutes a discovery request, and for the reasons previously explained in this Court's December 2021 order (docket entry no. 104), Plaintiffs' motion to unseal is denied as premature.

Request for Leave to Amend

        Plaintiffs have resubmitted their request for leave to amend, which is now accompanied by a copy of the proposed second amended complaint ("SAC") and a red-lined version showing the proposed changes between the first amended complaint ("FAC") and the SAC.  (Docket entry no. 108.)  The SAC seeks to add one additional cause of action (under NYC Administrative Code § 10-1105) and also adds factual details and context to the existing causes of action.[2]

---

[2] The proposed amendments include new factual allegations regarding, inter alia: (1) the criminal prosecution of Defendant Wilson; (2) Corizon's failure to screen and supervise Defendant Wilson or remove him from duty; (3) the actions of other Corizon staff members who failed to report the abuse; (4) the history of sexual misconduct at Rikers; (5) the City's failure to follow its own internal chaperone policy; and (6) details about the medical examination area.

This request is governed by Federal Rule of Civil Procedure 15(a)(2), which provides that after a party makes its first amendment as of right, further amendment may be made on the court's leave, and that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The decision to grant or deny leave to amend under Rule 15(a)(2) is within the trial court's discretion." Shi Ming Chen v. Hunan Manor Enter., Inc., 437 F. Supp. 3d 361, 364 (S.D.N.Y. 2020). "Amendments are generally favored to facilitate a proper decision on the merits." Bay Harbour Mgmt., LLC v. Carothers, 474 F. Supp. 2d 501, 502 (S.D.N.Y. 2007) (citation omitted). "The court may deny leave to amend for 'good reason,' which normally involves an analysis of four factors . . . undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party." Shi Ming Chen, 437 F. Supp. 3d at 364 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "The party opposing the amendment bears the burden of demonstrating good reason to deny the motion." Domni v. Cty. of Nassau, No. CV-19-83-JMA-AKT, 2020 WL 7625417, at *3 (E.D.N.Y. Dec. 21, 2020).

Defendants assert that Plaintiffs have acted with undue delay and bad faith in seeking leave to amend at this stage in the litigation, because most of the new information added to the SAC was either already known to Plaintiffs (or should have been known) at the time of the original pleading. See, e.g., Berman v. Parco, 986 F. Supp. 195, 217 (S.D.N.Y. 1997) ("[T]he Court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay."). Defendants also assert that they will be prejudiced should the Court grant leave to amend, as this would necessitate further briefing and conferences and result in further delay of the resolution of this suit. Plaintiffs, however, argue that they had good reason for delay, because this case was stayed for approximately five years due to the

criminal prosecution of Defendant Wilson, which did not terminate until September 2021, and deny that any prejudice would result to Defendants.

The Court concludes that Defendants have not met their burden of demonstrating good reason to deny leave to amend. Plaintiffs have offered a legitimate excuse for their delay in seeking leave to amend—namely, the fact that this case was stayed from September 2016 until September 2021 due to the lengthy resolution of the criminal proceedings against Defendant Wilson. (Docket entry nos. 34, 85.) Plaintiffs are not at fault for this delay, and indeed it was Defendants who originally requested the stay, citing their concern that this "civil action would interfere with [the] prospective prosecution" of Wilson. (Docket entry no. 32, at 1-2.) Defendants' assertion that they will suffer prejudice is also unpersuasive, as any further delay resulting from granting leave to amend will be marginal, and the necessity of further briefing is not a legitimate reason to deny leave to amend. See Hinds Cty., Miss. v. Wachovia Bank N.A., 885 F. Supp. 2d 617, 626 (S.D.N.Y. 2012) ("Delay alone, in the absence of an additional reason such as prejudice to the opposing party, usually does not warrant denial of leave to amend."). The Court accordingly grants Plaintiffs' motion to amend.

CONCLUSION

For the foregoing reasons, Plaintiffs' unsealing request is denied, and Plaintiffs' motion to amend is granted.  Plaintiffs are directed to file their Second Amended Complaint within seven days of the date of this order, and Defendants shall respond thereto in accordance with the applicable federal and local rules of procedure.  Docket entries number 95, 116, and 119 are resolved.  This case remains referred to Magistrate Judge Willis for general pre-trial management.

SO ORDERED.

Dated: New York, New York
       April 8, 2022

                                                 /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge