UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

K.A., et al.,

      Plaintiffs,

 -v-                                                                          No.   1:16-cv-04936-LTS-JW

CITY OF NEW YORK., et al.,

      Defendants.

-------------------------------------------------------x

## Memorandum Order

      Defendants the City of New York, Corizon Health Inc., and Sidney Wilson (collectively, "Defendants") appeal pursuant to Rule 72 from a decision entered by Magistrate Judge Willis on July 28, 2022 (docket entry no. 156 ("the Order")), which denied Defendants' motion for a stay of discovery.  The Court has considered carefully the parties' submissions and arguments, and for the following reasons, the Order is affirmed.

## Background

      This action was instituted in June 2016 when a group of female inmates ("Plaintiffs") filed suit against Sidney Wilson, Corizon Health Inc., and the City of New York. In their Complaint, Plaintiffs alleged that, while they were detained at Rikers Island, they were sexually assaulted by a Physician Assistant (Sidney Wilson) who worked for Corizon Health. (Docket entry no. 1.)  In September 2016, the Court issued a stay of discovery and responsive pleadings, due to the ongoing criminal investigation against Mr. Wilson. (Docket entry no. 34.) The stay was lifted following the conclusion of the criminal investigation, in December 2021. (Docket entry no. 104.)

Plaintiffs subsequently filed a Second Amended Complaint (docket entry no. 126), and defendants the City of New York ("the City") and Corizon Health ("Corizon") both filed motions to dismiss. (Docket entry nos. 141, 144). Shortly thereafter, the City and Corizon filed a letter motion with Magistrate Judge Willis seeking a stay of discovery pending this Court's decision on the motion to dismiss. (Docket entry no. 146). They argued that a stay of discovery would be efficient because the motion to dismiss put forth substantial arguments that would be fully dispositive if granted. (Id.) Plaintiffs opposed the imposition of a stay, arguing that their SAC put forth strong allegations sufficient to sustain their claims, and that the defendants had made no showing that proceeding to discovery would be overly burdensome or prejudicial. (Docket entry no. 148).

At a status conference on June 7, 2022, Judge Willis heard arguments from both parties regarding the proposed stay, and granted a temporary stay of discovery while the matter was under advisement. (Docket entry no. 150). On July 28, 2022, Judge Willis entered an order stating, in relevant part, as follows:

> The Court has reviewed the briefing thus far on Defendants' motions to dismiss. The motions to dismiss have not been referred to this Court and thus the Court does not make any final determination as to the merits of such motions. Nonetheless, a preliminary review of the briefing demonstrates that it is not immediately clear that Defendants' motions to dismiss will be granted. Therefore, no discovery is stayed.

Docket entry no. 156.

On August 16, 2022, all three Defendants filed an appeal of Judge Willis' Order pursuant to Federal Rule of Civil Procedure 72, requesting that the Court set aside the Order and instead grant a stay of discovery. (Docket entry no. 167). Plaintiffs filed a response in opposition, arguing that the Order should remain in place. (Docket entry no. 171).

hack
hack

DISCUSSION

Rule 72 provides that, when a party files a timely objection to a magistrate judge's order on "a pretrial matter not dipositive of a party's claim or defense," the district court "must consider [the] timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72.  Because "a magistrate judge's discovery orders are generally considered 'non-dispositive' of the litigation . . . a district court must affirm such orders unless they are 'clearly erroneous or contrary to law.'" In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., 336 F.R.D. 400, 403 (S.D.N.Y. 2020) (citations omitted). A magistrate judge's ruling is contrary to law "if it fails to apply or misapplies relevant statutes, case law, or rules of procedure," and is clearly erroneous "if the district court is left with the definite and firm conviction that a mistake has been committed." Id. (citation omitted).  This standard of review is "highly deferential" and "magistrates are afforded broad discretion in resolving discovery disputes." Id. (citations omitted).

Defendants here are appealing Judge Willis' decision to deny their request for a stay of discovery while their motion to dismiss is pending. "A motion to dismiss does not automatically stay discovery." Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013).  "However, upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)." Id. (citations and quotation omitted).  "[T]he party seeking the stay—here, defendants—must establish good cause for the stay." WindServe Marine, LLC v. US Workboats, LLC, No. 20-CV-5320-ENV, 2021 WL 5749829, at *1 (E.D.N.Y. Mar. 2, 2021).  In evaluating good cause, courts will consider: (1) the breadth of discovery sought (and the burden of responding to it), (2) the strength of the underlying motion, and (3) the risk of prejudice to the party opposing the stay.

Hong Leong, 297 F.R.D. at 72; see also Ema Fin., LLC v. Vystar Corp., 336 F.R.D. 75, 79 (S.D.N.Y. 2020). After considering each of these factors, the Court concludes that Judge Willis' decision to deny the request for a stay of discovery was neither clearly erroneous nor contrary to law.

As for the "strength of the motion" prong, Defendants claim that Judge Willis applied an incorrect legal standard for a stay of discovery. The Order stated that discovery should not be stayed because "it is not immediately clear that Defendants' motions to dismiss will be granted"—but Defendants assert but that the true standard for evaluating the strength of the motion is whether the motion presents "substantial grounds" for dismissal, or is "not unfounded in the law." See, e.g., Comput. Assocs. Int'l, Inc. v. Simple.com Inc., 247 F.R.D. 63, 69 (E.D.N.Y. 2007). The Court is not persuaded that this semantic difference in the wording used in the Order amounts to clear error, as there is no requirement that an order staying discovery use specific words. Most courts in this circuit appear to utilize the "substantial arguments" standard, which requires that "the party seeking a stay [of discovery] must present substantial arguments for dismissal"—in other words, there must be a "strong showing that the [plaintiff's] claim is unmeritorious." See Ema Financial, 336 F.R.D. at 79 (citations omitted); see also Kaplan v. Lebanese Canadian Bank, SAL, No. 08-CV-7253-GBD-KHP, 2022 WL 2541081, at *1 (S.D.N.Y. July 7, 2022); Morgan Art Found. Ltd. v. McKenzie, No. 18-CV-4438-AT-BCM, 2020 WL 6135113, at *2 (S.D.N.Y. Oct. 18, 2020). Judge Willis did not commit clear error in concluding, based on a preliminary review of the motion to dismiss briefing, that Defendant's motion did not make a strong showing that Plaintiffs' claims are unmeritorious.

In addition, denying a stay was appropriate because the remaining two factors—the breadth of discovery and risk of prejudice—weigh against a stay of discovery.  See Morgan Art Foundation, 2020 WL 6135113, at * 3 ("Even if a motion to dismiss appears to have substantial grounds, a stay of discovery pending the outcome of that motion is appropriately denied where, as here, the other factors disfavor a stay.") (citation omitted).  Although the breadth of the discovery sought is not entirely clear at this point (as no interrogatories or document requests have yet been served), any prejudice to Defendants is mitigated by the involvement of Defendant Wilson.  Defendant Wilson has not joined in the motions to dismiss, and it appears that Defendants will have information materially related to Plaintiffs' allegations against Defendant Wilson.  Furthermore, Plaintiffs have raised the possibility of bringing an additional related proceeding in state court, which also reduces any prejudice Defendants will suffer from producing discovery.  See, e.g., Kaplan, 2022 WL 2541081, at *1 (noting that "there is no prejudice to Defendants in proceedings with discovery" because discovery will be conducted in a related case "regardless").

CONCLUSION

For the foregoing reasons, Defendants' objections to Judge Willis' Order denying the motion for a stay of discovery (docket entry no. 156) are overruled and Judge Willis' Order stands.  Docket entry no. 168 is resolved.  This case remains referred to Magistrate Judge Willis for general pre-trial management.

SO ORDERED.

Dated: New York, New York
September 1, 2022

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge