**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
K.A., et al,

Plaintiffs,

<u>ORDER</u>

-against-

**16-CV-4936 (LTS) (JW)**

CITY OF NEW YORK, et al.,

Defendants.
-----------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

Before the Court is defendants' City of New York ("City") and Sidney Wilson ("Wilson") (collectively "Defendants") motion to stay discovery. For the following reasons, the Defendants' motion is **DENIED**.

**LEGAL STANDARD**

Discovery should not be routinely stayed simply because a motion has been filed. <u>Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.</u>, No. 12-CV-610 (JMF) (GWG), 297 F.R.D. 69, 72 (S.D.N.Y. 2013). However, a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Under Rule 26(c), a court has considerable discretion to stay discovery. <u>Republic of Turkey v. Christie's, Inc.</u>, No. 17-CV-3086 (ALN) (SDA), 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018); Fed. R. Civ. P. 26(c)(1). The burden of establishing "good cause" falls on the party seeking the order. <u>Republic of Turkey</u>, 316 F. Supp. 3d, at 677. Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the

pending motion forming the basis of the request. Id. Whether "good cause" was established requires a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Id.

## DISCUSSION

To support the Defendants' motion to stay discovery, they provide several arguments. First, L.J.'s daughter has yet to be appointed as a special personal representative of L.J.'s estate. Dkt. No. 249, at 1; Dkt. No. 251, at 3.. Second, the City's motion to dismiss and the Plaintiffs' motion to amend are pending. Dkt. No. 249, at 1; Dkt. No. 251, at 1-2. Third, Wilson intends to file "a formal motion to stay the action on behalf of defendant Wilson based on the motion to enjoin Plaintiffs from prosecuting cases against released parties," which includes Corizon's former employees. Dkt. No. 249, at 1. Fourth, the claims against Corizon, which were the stronger of the claims, has been dismissed and the claims against Defendants are more likely to be dismissed. Dkt. No. 251, at 2. Fifth, Plaintiffs are seeking "wide-ranging, burdensome discovery." Dkt. No. 251, at 2.

To support Plaintiffs' objection to Defendants' motion, they provide several arguments. First, the Court had already denied a stay in 2022 and Defendants cannot show a change in circumstances or "credibly demonstrate a strong showing that Plaintiffs' claims lack merit, the breadth of discovery is unduly burdensome, and unfair prejudice should a stay not be granted." Dkt. No. 250, at 2. Second, Plaintiffs will be prejudiced by any further delays, as evidenced by the fact that one of the plaintiffs died while the case had been stayed for more than six years. Id.

2

For several reasons the Court denies the Defendants' motion to stay discovery. First, Defendants make merely conclusory statements as to why good cause exists. Good cause requires a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Republic of Turkey, 316 F. Supp. 3d, at 677. Defendants argue that engaging in discovery would be "burdensome" but provide no specifics as to why. Dkt. No. 251, at 2. Second, the Court has already directed the parties to continue with discovery while the motion to dismiss was pending. Dkt. No. 156. The Second Circuit has stated that the standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied. Kumaran v. Nat'l Futures Ass'n, No. 20-CV-3668 (GHW), 2023 WL 3160116, at *1 (S.D.N.Y. Apr. 28, 2023). A party moving for reconsideration of a previous order must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it." Bartlett v. Tribeca Lending Corp., No. 18-CV-10279 (CM), 2019 WL 1595656, at *1 (S.D.N.Y. Apr. 12, 2019). A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue. Padilla v. Maersk Line, Ltd., No. 07-CV-3638 (PKL), 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). Defendants have failed to satisfy these requirements. Third, the delay has certainly caused Plaintiffs prejudice as evidenced by L.J.'s death during the previous stay of the instant case.

3

## CONCLUSION

For the aforementioned reasons, Defendants' motion to stay discovery is **DENIED**. The parties are directed to meet and confer and provide the Court a new proposed case management plan no later than June 26, 2025.

**The Clerk of Court is respectfully requested to close Dkt. No. 251.**

SO ORDERED.

DATED:      New York, New York
            May 28, 2025

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge

4