UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

K.A., S.A., L.R., L.J., and JANE DOES 1-25,

                Plaintiffs,

v.

CITY OF NEW YORK, CORIZON HEALTH, INC., CORIZON, INC. and SIDNEY WILSON, individually and in his official capacity,

                Defendants.

1:16-CV-04936-LTS

---

MEMORANDUM ORDER

A.J., as the personal representative of the estate of Plaintiff L.J.,[1] moves for: (1) approval of a settlement with Defendant Sidney Wilson under Local Civil Rule 83.2(b) and (2) sealing all of the documents submitted with the motion. (Docket entry no. 272.) For the following reasons, the first request is denied in its entirety and the second request is granted in part and denied in part.

Motion to Approve the Settlement Under Local Civil Rule 83.2(b)

Local Civil Rule 83.2(b) is not applicable to the situation at bar. That rule provides that: "In an action for wrongful death or conscious pain and suffering of the decedent: (1) Where required by statute or otherwise, the Court shall apportion the avails of the action, and shall approve the terms of any settlement. (2) The Court shall approve an attorney's fee only

---

[1] Plaintiff L.J. passed away on November 23, 2023, while this matter was pending. (Docket entry no. 228 at 3.) A.J. was appointed the personal representative of the estate of Plaintiff L.J. on June 30, 2025, and letters of authority were issued on July 11, 2025. (Docket entry no. 256.) As used herein, "Plaintiff" refers to A.J., acting as the personal representative of the estate of Plaintiff L.J.

upon application in accordance with the provisions of the New York State statutes and rules." In an attempt to map the settlement to the plain language of the rule, Plaintiff asks that the Court to "apportion her claims to pain and suffering." (Docket entry no. 275 at 2.) That, however, is inappropriate.

"Although the phrase 'conscious pain and suffering' might appear to describe damages in any occurrence involving physical harm as to which a plaintiff was aware, it is, in fact, a term of art in New York law." Santos v. City of New York, No. 20-CV-06091-EK-VMS, 2023 WL 5756513, at *3 (E.D.N.Y. Mar. 13, 2023) (citation omitted), report and recommendation adopted, No. 20-CV-06091-EK, 2023 WL 5759185 (E.D.N.Y. Sept. 6, 2023). A claim for conscious pain and suffering "runs in tandem with a wrongful-death claim," and "a plaintiff must prove that the decedent was conscious or partially conscious between the time of the injury and the time of death and that he suffered pain physical or mental pain during that period of consciousness." Id. (citation omitted). The Plaintiff was alive when she brought suit, there is no wrongful death claim, and Plaintiff did not bring a conscious pain and suffering claim. Her motion under Local Civil Rule 83.2(b) is therefore inappropriate and is denied. Id. at *6 (denying Rule 83.2(b) motion where the purported "conscious pain and suffering" was related to plaintiff's allegedly unconstitutional arrest, as opposed to plaintiff's death). Plaintiff has proffered no other authority for this Court's apportionment of the settlement or approval of the fees.

Motion to Seal

Plaintiff's sealing request is denied in part and granted in part. Under Lugosch v. Pyramid Co. of Onondaga, federal courts undertake a three-part inquiry in addressing a motion to seal. 435 F.3d 110, 119 (2d Cir. 2006). First, the Court must determine whether the document at

issue is a "judicial document." Id. at 119. A document is "judicial" when it is "relevant to the performance of the judicial function and useful in the judicial process." United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995). "A document is . . . relevant to the performance of the judicial function if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." Brown v. Maxwell, 929 F.3d 41, 49 (2d Cir. 2019) (internal quotations and citations omitted). If the document is "judicial" in nature, "a presumption of access attaches," and the Court must determine the "weight" to afford this presumption. Lugosch, 435 F.3d at 119. At the third step, the Court "must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." Mirlis v. Greer, 952 F.3d 51, 59 (2d Cir. 2020) (citation omitted).

Plaintiff requests the sealing of the following documents: (1) her motion (docket entry no. 272); a declaration from A.J. (docket entry no. 273); (3) a declaration from counsel for A.J. (docket entry no. 274); (4) a proposed order (docket entry no. 274-1); (5) the settlement agreement between Defendant Wilson and A.J., as personal representative of the estate of Plaintiff L.J. (docket entry no. 274-2); and (6) a memorandum of law in support of the motion (docket entry no. 275). All of these documents are "judicial" because Plaintiff "asks the Court to rely on the document when ruling." Rocket Pharms., Inc. v. Lexeo Therapeutics, Inc., No. 23-CV-09000-PKC-SDA, 2024 WL 5206409, at *2 (S.D.N.Y. Dec. 24, 2024) (quoting Lohnn v. Int'l Bus. Machines Corp., No. 21-CV-06379-LJL, 2022 WL 3359737, at *3 (S.D.N.Y. Aug. 15, 2022)); see also Lugosch, 435 F.3d at 120-21 ("As a matter of law, . . . we hold that the contested

documents—by virtue of having been submitted to the court as supporting material in connection with a [motion]—are unquestionably judicial documents under the common law.").

The weight of the presumption of access that attaches to the judicial documents is strong because they "are used to determine litigants' substantive legal rights" and "directly affect an adjudication." Lugosch, 435 F.3d at 121. Thus, the Court turns to the third prong and those factors that weigh against public access. For her part, Plaintiff argues that she has a strong interest in the confidentiality of the settlement, as evidenced by the confidentiality provisions in the settlement agreement, and that "[e]ven the filing of a redacted version would confirm the existence of the settlement itself and other information that the parties reasonably expected to remain confidential."[2] (Docket entry no. 275 at 3.) There is indeed a strong interest in maintaining the confidentiality of a settlement agreement. See Guzik v. Albright, No. 16-CV-02257-JPO, 2018 WL 6011612, at *3 (S.D.N.Y. Nov. 16, 2018) ("Because 'honoring [settling] parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage,' an expectation of confidentiality in a settlement agreement can justify maintaining under seal the agreement's 'precise terms on matters that have no effect on the adjudication' in which it is introduced." (quoting Louis Vuitton Malletier, S.A. v. Hyundai Motor Am., No. 10-CV-01611-PKC, 2012 WL 1022258, at *3 (S.D.N.Y. Mar. 22, 2012))). Plaintiff, however, overreaches in seeking to seal all of the documents at issue. The fact of a settlement is already a matter of public record. (See docket entry no. 268 (Plaintiff's counsel "writ[ing] on behalf of the plaintiffs and defendant Sidney Wilson to advise the Court that plaintiffs' claims against Wilson have been settled and General Releases have been signed and tendered to counsel for Wilson").)

---

[2]   Defendant Wilson did not offer a position on sealing.

While there is a strong interest in maintaining the confidentiality of the precise terms of the settlement, the mere fact of a settlement need not be sealed.

Accordingly, Plaintiff's motion to seal is denied in part and granted in part. Docket entry no. 274-2 shall remain sealed. Plaintiff is directed to file redacted versions of docket entries 272, 273, 274, 274-1, and 275 on the public docket. Plaintiff may only redact references to precise terms of the settlement (<u>e.g.</u>, the consideration amount).

\* \* \*

For the foregoing reasons, Plaintiff's motion for approval of a settlement under Local Civil Rule 83.2(b) is denied in its entirety, and Plaintiff's motion to seal is granted in part and denied in part. Docket entry no. 272 is resolved.

SO ORDERED.

Dated: New York, New York
      November 3, 2025

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge